# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**ROBERT PAUL VILLARREAL**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:13-CR-26

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
   - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
   - ☐ an offense for which the maximum sentence is life imprisonment or death.
   - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
   - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
   - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
   - ☐ under 18 U.S.C.§924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant, 50 has served a ten-year prison term for burglary (originally was given probation but the probation was revoked and the prison term reinstituted) and a five-year prison term for aggravated assault. He also has been convicted of driving while intoxicated (twice), possession of marijuana, criminal mischief and assaulting a public servant.

Defendant failed to appear in a Texas court in February 2001, and apparently remained at large until he paid restitution and the matter was dismissed almost two years, after he paid restitution. In the present incident, (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community from future criminal activity by the defendant. Notwithstanding that defendant is 59 years old and suffers medical problems, this did not hinder him from participating in a drug convoy bringing cocaine from Texas to Michigan, and supervising the vehicle he was in an attempt to thwart the Michigan State Police.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 31, 2013

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:13-cr-00026-RJJ   ECF No. 82,  PageID.117   Filed 02/05/13   Page 2 of 2

United States v. **ROBERT PAUL VILLARREAL**
1:13-CR-26
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

defendant was a passenger in a white pickup truck driven by co-defendant Pizano.  According to Pizano, the defendant had talked to him about what to do if they encountered law enforcement.  Specifically, defendant had instructed Pizano not to stop if law enforcement attempted to stop him, and that if they were stopped, not to divulge the vehicles were traveling together.  Thus, it appears defendant played an active role in attempting to elude the police.

Defendant lives in Texas, but came to this district as part of a convoy of cars bringing cocaine from Texas north to Jackson, MI.  Defendant is unemployed and suffers from diabetes and high blood pressure.

**Part II - Written Statement of Reasons for Detention** - (continued)